

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Ove.... V-803

Hon. H. G. Wendland, Vice Chairman
Upper Colorado River Authority
P. O. Box 848
San Angelo, Texas

Dear Sir:

Opinion No. O-7338
Re: Whether the Upper Colorado
River Authority is subject
to payment of fees prescribed
by Articles 7532 and 7497,
V. A. C. S.

We acknowledge your letter dated August 2, 1946,
requesting a legal opinion of this department, the same
reading as follows:

"The Upper Colorado River Authority, a
State Agency, created by Acts of the regular
session of the 44th Legislature, Chapter 126,
is filing an application with the State Board
of Water Engineers for a permit to appropriate
waters of the Colorado River and tributaries
for domestic, municipal, industrial, irriga-
tion, recreation and other purposes.

"Will you kindly advise whether or not
the Upper Colorado River Authority is subject
to the payment of fees prescribed by Articles
7497 and 7532, Vernon's Annotated Civil Statutes
of Texas."

Article 7532 of the Statutes is a part of Chapter 1,
Title 128 of the laws regulating water. This article fixes
a scale of fees to be charged and collected by the Board of
Water Engineers for the benefit of the State in respect to
applications and permits and incidental matters pertaining
to the impounding, storing, using, selling and otherwise
appropriating the public waters of the State. Article 7497
is also a part of Chapter 1, Title 128, requiring the pay-
ment of a certain fee upon the filing of a water appropriation
application. Article 7533 of the same Chapter provides that
these charges when collected shall be deposited in the State
Treasury to the credit of the General Revenue.

Hon. H. G. Wendland - Page 2

The identical question with respect to the fees in question submitted herein by the Upper Colorado River Authority was presented to this department by the Lower Colorado River Authority in the year 1942. Attorney General Opinion No. O-4304, a copy of which is enclosed, holds that Article 7532, V. A. C. S., is not applicable to the Lower Colorado River Authority and that the Authority has no power to expend its fund in the payment to the Board of Water Engineers for so-called permits, issued or to be issued to it. The fee payment required under Article 7497 being a water permit fee, similar in character to those required under Article 7532, the above numbered opinion is controlling.

House Bill No. 77, passed at the Regular Session of the 44th Legislature, creating the Upper Colorado River Authority, contains substantially if not identically, the same language as Senate Bill No. 2 passed at the Fourth Called Session, 43rd Legislature, creating the Lower Colorado River Authority. Under the Act creating the Upper Colorado River Authority it is declared to be a "governmental agency and body politic and corporate" with the powers of government and with the "authority to exercise the rights, privileges, and functions hereinafter specified". See Vernon's Annotated Civil Statutes, Title 128, Chapter 8 p. 628, Sec. 2, subdivision (a) to (j), inclusive.

The powers thus conferred upon the Upper Colorado River Authority are broad and ample; nothing can be added thereto or is acquired by the permit of the Board of Water Engineers.

The reasons and conclusions set out in Attorney General's Opinion No. O-4304, we believe, are equally applicable for the purposes of this opinion and are adopted hereafter. It is, therefore, our opinion that Articles 7532 and 7497 are not applicable to the Upper Colorado River Authority, and the Authority has no power to expend its funds in the payment to the Board of Water Engineers for so-called permits issued or to be issued to it; that House Bill 77, R. S., 44th Leg., creating the Upper Colorado River Authority, has necessarily superseded the pre-existing statute under which the Board of Water Engineers issues its permits in so far as the Upper

Hon. K. G. Wendland - Page 3

and Lower Colorado River Authorities are concerned.

Trusting that the above satisfactorily answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By        Chester E. Ollison
                Assistant

APPROVED AUG 9, 1946

ASSISTANT ATTORNEY GENERAL

CEO:bt



APPROVED
OPINION
COMMITTEE
BY